OPINION
{¶ 1} Amanda Lairmore appeals from an order of the Clark County Domestic Relations Court granting Appellee Kenneth Farley's Motion to Terminate the Shared Parenting Plan and Reallocate Parental Rights and Responsibilities. Lairmore's appellate counsel filed a brief advising this court, pursuant to Anders v. California (1967), 386 U.S. 743, that he could find no meritorious issue for appeal. In the Anders brief, counsel noted he considered three potential issues for appellate purposes. The three issues are as follows:
 {¶ 2} 1. "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CUSTODY TO MR. FARLEY."
 {¶ 3} 2. "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RESTRICTING MS. LAIRMORE'S VISITATION WITH HER DAUGHTER." And,
 {¶ 4} 3. "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTEMPT "
 {¶ 5} Lairmore has not submitted a brief of her own.
 {¶ 6} We have performed our independent duty, under Anders, to review the record, and we have not found any potential assignments of error having arguable merit. The trial court applied the "best interest" test set forth in R.C. 3109(f)(1) in reaching its decision regarding the custody and visitation of Lairmore and Farley's daughter, who was born October 13, 2002. The court noted Lairmore's long history of alcohol abuse and her numerous DUI convictions, as well as her "significant dependency issues with prescription medication." The court further noted that Lairmore's daughter was born prematurely and with Xanax in her system. The court noted the Guardian ad Litem's opinion that Lairmore minimizes her responsibility for her actions, such as her DUI convictions.
 {¶ 7} The court found credible Farley's testimony that, while he at one time regularly smoked marijuana and drank alcohol, he has not smoked marijuana since October, 2002, and he has not experienced any alcohol dependency issues since his daughter's birth. It was significant to the court that Farley's extended family provided a support system for him and the child, and that Lairmore had no such support system. The court determined that Farley facilitated Lairmore's visitation rights and would be more likely to do so in the future. As there are no potential assignments of error having arguable merit, this appeal is frivolous. The judgment of the trial court is accordingly affirmed.
BROGAN, J. and FAIN, J., concur.